**FORM 104 (10/06)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Point Energy Partners Operating, LLC | **DEFENDANTS** Cinch Energy Services, LLC; CES Group Holdings LLC; Cinch Wireline Services, LLC; John Patrick Lowe, Chapter 7 Trustee For Cinch Wireline Services, LLC; Pathward, National Association; and M&T Equipment Finance Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Jeff P. Prostok & Emily S. Chou    777 Main Street, Suite 1550 <br> FORSHEY & PROSTOK, LLP    Fort Worth, TX 76012 <br>      Tel: 817-877-8855 | **ATTORNEYS** (If Known) <br> See attached sheet |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☒ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☒ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Complaint for Interpleader and Declaratory Relief brought pursuant to Rule 7022 of the Federal Rules of Bankruptcy Procedure involving $69,252.35 | |

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Cinch Wireline Services, LLC | | BANKRUPTCY CASE NO.<br>23-51742-cag7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District | DIVISIONAL OFFICE<br>San Antonio | NAME OF JUDGE<br>Judge Craig A Gargotta | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jeff P. Prostok | | | |
| DATE<br>5/23/24 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeff P. Prostok | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**ATTORNEYS FOR DEFEDANTS:**

Shelby A. Jordan
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
*Counsel for John Patrick Lowe, Chapter 7 Trustee*

Butch Boyd
Butch Boyd Law Firm, P.C.
2905 Sackett Street
Houst, TX 77098
*Counsel for John Patrick Lowe, Chapter 7 Truste*

James Samuel Wilkins
James S. Wilkins, PC
1100 NW Loop 410, Suite 700
San Antonio, TX 78213
*Counsel for the Debtor Cinch Wireline Services, LLC*

Thomas E. Coughlin
Taft Stettinius & Hollister LLP
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
*Counsel for Pathward, National Association*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: § | Chapter 7 | |
| § | | |
| CINCH WIRELINE SERVICES, LLC, § | Case No. 23-51742-cag-7 | |
| § | | |
| Debtor. § | | |
| § | | |
| § | | |
| POINT ENERGY PARTNERS § | | |
| OPERATING, LLC § | | |
| § | | |
| Plaintiff. § | Adversary Proceeding No. _____ | |
| § | | |
| v. § | | |
| § | | |
| CINCH ENERGY SERVICES, LLC; CES § | | |
| GROUP HOLDINGS LLC; CINCH WIRELINE § | | |
| SERVICES, LLC; JOHN PATRICK LOWE, § | | |
| CHAPTER 7 TRUSTEE FOR CINCH § | | |
| WIRELINE SERVICES, LLC; PATHWARD, § | | |
| NATIONAL ASSOCIATION; and M&T § | | |
| EQUIPMENT FINANCE CORPORATION, § | | |
| § | | |
| Defendants. § | | |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

Point Energy Partners Operating, LLC ("Point Energy" or "Plaintiff") files this *Complaint for Interpleader and Declaratory Relief*, and respectfully represents as follows.

**I.     JURISDICTION**

1. This adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7022 and Federal Rule of Civil Procedure 22(a).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1577 and 1334. This interpleader action is a core proceeding. 28 U.S.C. §§ 157(b)(1) and (b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4. Plaintiff Point Energy Partners Operating, LLC is a Texas limited liability company with its principal place of business in Tarrant County, Texas.

5. Defendant Cinch Energy Services, LLC ("Cinch Energy Services") may be served with process by serving its registered agent, Mark Lopez, 1102 S. Second, Ganado, Texas 77962.

6. Defendant CES Group Holdings LLC ("CES") may be served with process by serving its registered agent, Frank T. Shumate, 2200 County Rd. 413, McCoy, Texas 78113.

7. Defendant Cinch Wireline Services, LLC ("Cinch Wireline") may be served with process by serving its registered agent Michael Mendietta, 4768 FM 624, Robstown, Texas 78380; and by serving its counsel, James Samuel Wilkins, James S. Wilkins, PC, 1100 NW Loop 410, Suite 700, San Antonio, Texas 78213.

8. Defendant John Patrick Lowe, Chapter 7 Trustee, may be served with process by serving him as his place of business at 2402 East Main Street, Uvalde, Texas 78801.

9. Defendant Pathward, National Association ("Pathward") may be served with process by serving Brett Pharr, its Chief Executive Office, at 5501 South Broadband Lane, Sioux Falls, SD 57108.

10. Defendant M&T Equipment Finance Corporation ("M&T") may be served with process by serving its registered agent, Capitol Corporate Services, Inc., 1051 S. Mopac Expy, Ste. 220, Austin, Texas 78746.

## III. BACKGROUND

11. On or around December 1, 2022, Point Energy and Cinch Energy Services entered into that certain Master Service Agreement ("MSA"). Pursuant to the MSA, Cinch Energy Services provided services to Point Energy from time to time as requested by Point

Energy and Cinch Energy Services billed for and received compensation from Point Energy in accordance with the terms of the MSA.

12. As of the date herewith, there are twelve (12) Cinch Energy Services invoices that remain unpaid aggregating $69,252.35 ("Invoice Aggregate"). Attached hereto as Exhibit A is a list of the invoices aggregating the $69,252.35.

13. In February 2024, Point Energy received an undated letter (the "Change of Remittance Letter") on Cinch Energy Services letterhead and signed by a Stacy Lopez purporting to be the "Office Manager / CFO" of Cinch Energy Services. The Change of Remittance Letter instructed Point Energy to remit payments to a different lockbox and a different bank account (the "Pathward Remittance Instructions") than what had been in use up to that point.

14. On the same day Point Energy received the Change of Remittance Letter, it also received a letter (the "February TSH Letter"), dated February 8, 2024, from Thomas E. Coughlin, a partner of the law firm Taft Stettinius & Hollister LLP ("TSH"). Mr. Coughlin sent the letter on behalf of his client, Pathward, National Association. Mr. Coughlin contends that Pathward had advanced monies to Cinch Energy Services against Cinch Energy Services' accounts receivable and that Pathward holds a perfected security interest in the accounts of Cinch Energy Services. The letter instructs Point Energy to make all payments on Cinch Energy Services invoices payable to Pathward and *not* to Cinch Energy Services and provided the Pathward Remittance Instructions as set forth in the Change of Remittance Letter.

15. Upon receipt of the Change of Remittance Letter and the February TSH Letter, Point Energy reached out to its regular contact person at Cinch Energy Services to inquire about the two letters. Point Energy was informed by its contact at Cinch Energy Services that (1) Stacy Lopez was no longer with Cinch Energy Services and so Point Energy should not have received anything from Ms. Lopez; (2) Cinch Energy Services had ceased its relationship

with Pathward, and (3) there is no change in remittance instructions and all payments need to continue to be sent to Cinch Energy Services. In reliance upon these representations, Point Energy continued to submit payments to the same lockbox and bank account it has always used with Cinch Energy Services.

16. On or about April 25, 2024, Point Energy received a notification from its invoicing system, OpenInvoice, that Cinch Energy Services changed its name to "CES Group Holdings, LLC."

17. On or about April 26, 2024, Point Energy received a second letter from TSH ("April TSH Letter") dated April 25, 2024, again urging that Point Energy make all payments on Cinch Energy Services invoices through the Pathward Remittance Instructions.

18. At this point, Point Energy conducted a search for information on CES and learned of the above captioned chapter 7 case of Cinch Wireline and then found the adversary proceeding (the "Trustee Lawsuit")[1] filed by John Patrick Lowe ("Trustee"), the Chapter 7 Trustee for Cinch Wireline. Point Energy learned that the Trustee Lawsuit named a host of entity and individual defendants, including Cinch Energy Services, CES, and Loretta L. Higgins in her individual capacity. The Trustee alleges, among other claims, civil conspiracy to commit fraud, including bankruptcy fraud allegedly involving the individual defendants in the operations and management of the entity defendants named in the Trustee Lawsuit.

19. Point Energy sent an email to its contact at Cinch Energy Services inquiring about the Cinch Wireline bankruptcy filing and Trustee Lawsuit whereby both Cinch Energy Services and CES are named as defendants. In the email Point Energy informed Cinch Energy Services that it would not be making payments on Cinch Energy Services invoices until Point Energy is able to determine the proper party to pay.

---

[1] The Trustee Lawsuit is assigned the adversary proceeding number 24-05011.

**COMPLAINT FOR INTERPLEADER**            **PAGE 4**

20. Shortly thereafter, Point Energy received a letter dated May 6, 2024, entitled "DEMAND FOR PAYMENT" (the "CES Demand Letter") on CES Group Holdings, LLC letterhead and signed by Loretta L. Higgins as "Director of Accounting." In this letter, Ms. Higgins contended that CES Group Holdings, LLC is the "parent company of Cinch Energy Services, LLC" and that CES "was named the parent company in January of 2024." Ms. Higgins further stated that "we do not have a relationship with Pathward, NA and that Ms. Lopez left our employment in October of 2023." Ms. Higgins demanded payment from Point Energy of $69,352.35, the total of the outstanding Cinch Energy Services invoices, and stated as follows:

> This letter is to advise you that Point Energy Partners has 10 days to pay in full all outstanding invoices or CES Group Holdings on behalf of Cinch Energy Services, LLC will file liens against all wells at which Cinch Energy Services, LLC has performed work and has not been paid in addition to pursuing legal action for all unpaid amounts in addition to legal expenses incurred as a result.

21. In the Trustee Lawsuit, the Trustee alleges that the various individual defendants, including Ms. Higgins, had operated the various defendant entities, including the debtor entity Cinch Wireline, Cinch Energy Services and CES, as "a single business entity" and asserts that "all assets of all Entity Defendants are part of the property of the estate of [Cinch Wireline] as operated by the Individual Defendants as a Single Entity."

22. On May 10, 2024, this Court entered the *Interim Order Granting Preliminary Injunctive Relief and Providing for a Final Preliminary Injunction* ("Interim Injunction Order") in the Trustee Lawsuit. The Interim Injunction Order provides that all named defendants in the Trustee Lawsuit which include Ms. Higgins, Cinch Energy Services and CES, are enjoined from, among other things:

> b. taking, removing, hiding, converting, using, transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting any lien or security interest or other interest in, or otherwise disposing of any "Property of the Estate" as defined in 11 U.S.C. §541, wherever located, including outside the United or any movable, tangible, or intangible Property of the Estate of the Plaintiff;
>
> c. removing, destroying, or hiding any form of written or digital Property of the Estate, including records of any Defendants' dealing in any commercial, financial, or operational transaction of or with the business of any of the Defendants relating to the Plaintiff, including but not limited to all communications by emails, smart phone text messages, "Whats-App" or similar digital methods of communication or messaging; and

Interim Injunction Order, ¶¶ b & c.

23. As a result of the foregoing facts, at this time, Point Energy is faced with a dilemma. If Point Energy were to pay the Invoice Aggregate to CES as demanded by Ms. Higgins, it may be subject to a lawsuit by Pathward who asserts liens against Cinch Energy Services' accounts receivable. If Point Energy were to pay Pathward, it is at risk of CES, through Ms. Higgins, recording liens and foreclosing against Point Energy's wells for the amount of the Invoice Aggregate. Moreover, the Trustee alleges in the Trustee Lawsuit that the accounts receivable of Cinch Energy Services may potentially constitute property of Cinch Wireline's bankruptcy estate. Consequently, Point Energy is potentially at risk of being pursued by the Trustee for the Invoice Aggregate. Point Energy is also concerned with running afoul of the Interim Injunction Order if the Invoice Aggregate were paid to any of the defendants in the Trustee Lawsuit.

## IV. CLAIM FOR INTERPLEADER

24. There are two or more independent, adverse claimants to the same Invoice Aggregate of $69,252.35, and these claims are independent of each other. Cinch Energy Services, CES, Pathward, and the Trustee have asserted claims to the $69,252.35 at issue.

25. Point Energy has real and reasonable fear of multiple liabilities. While Point Energy has, at all times, been willing to deliver the Invoice Aggregate at issue to the entity entitled to possession, it cannot determine which of the Defendants named herein is the entity rightfully deserving of the Invoice Aggregate in dispute. Point Energy should not be exposed to the risk of multiple payments on its single liability.

26. Point Energy has in no way colluded with any of the Defendants.

27. Upon order by this Court, Point Energy will deposit with the Court the Invoice Aggregate of $69,252.35 in dispute.

28. Point Energy further requests that if this Court enters an order authorizing Point Energy to deposit the Invoice Aggregate with the Court, that such order also provide that, once Point Energy deposits the Invoice Aggregate with the Court that it be discharged of any further liability or obligation on account of, or in any way arising out of the transactions at issue in this adversary proceeding.

## V. CLAIM FOR ATTORNEYS' FEES

29. Point Energy seeks to recover its reasonable attorneys' fees and costs incurred in filing and prosecuting this Complaint.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Point Energy respectfully requests:

A. That the Court enter an order approving Point Energy's tender to this Court of $69,252.35 in dispute;

B. That the Defendants be required to interplead and settle among themselves their rights to the money tendered to the Court by Point Energy;

C. That the Court enter an order providing that any lien claim that any of the Defendants may have against Point Energy, against Point Energy's property, or against Point Energy's interest in property, shall transfer and attach to the money tendered to the Court by Point Energy;

D. That the Court enter an order providing that any lien claim that any of the Defendants may have been filed or recorded against Point Energy, against Point Energy's property, or against Point Energy's interest in property on account of the $69,252.35 is released and extinguished and that any such Defendant who recorded any such lien claim execute and record all documents, and take such other steps as necessary, to remove such lien claims against Point Energy, its property, or its interest in property.

E. That the Court enter an order providing that Point Energy be released and discharged from all liability to the Defendants on account of, or in any way arising out of the transactions at issue in this adversary proceeding;

F. That Point Energy be entitled to recover its attorneys' fees and costs incurred as a result of this adversary proceeding; and

G. For any additional and further relief to which Point Energy may be justly entitled.

Dated: May 23, 2024                               Respectfully submitted,

                                                     */s/ Jeff P. Prostok*
                                                     Jeff P. Prostok
                                                     TX State Bar No. 16352500
                                                     Emily S. Chou
                                                     TX State Bar No. 24006997
                                                     **FORSHEY & PROSTOK, LLP**
                                                     777 Main Street, Suite 1550
                                                     Fort Worth, TX 76012
                                                     Tel: 817-877-8855
                                                     Fax: 817-877-4151
                                                     Email: jprostok@forsheyprostok.com
                                                                        echou@forsheyprostok.com

                                                    ATTORNEYS FOR POINT ENERGY PARTNERS OPERATING, LLC

L:\JPROSTOK\Point Energy Partners Operating, LLC (Cinch Wireline Services)\Pleadings\Complaint for Interpleader v2 (5.22.24).docx

## **EXHIBIT A**

Supplier Name: Cinch Energy Services LLC

| Invoice # | Invoice Date | Submitted Date | Company | Amount | Submission Type |
|---|---|---|---|---|---|
| W25264 | 1/31/2024 | 3/6/2024 | Cinch Energy Services LLC | 39,608.04 | Direct Entry |
| w25312 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 638.68 | Direct Entry |
| W25313 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 638.68 | Direct Entry |
| W25314 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 638.68 | Direct Entry |
| W25311 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 638.68 | Direct Entry |
| W25315 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 638.68 | Direct Entry |
| W25317 | 3/6/2024 | 4/12/2024 | Cinch Energy Services LLC | 3,193.38 | Direct Entry |
| W25316 | 3/6/2024 | 4/11/2024 | Cinch Energy Services LLC | 1,596.69 | Direct Entry |
| W25320 | 3/7/2024 | 4/12/2024 | Cinch Energy Services LLC | 12,080.72 | Direct Entry |
| W25321 | 3/7/2024 | 4/12/2024 | Cinch Energy Services LLC | 3,193.38 | Direct Entry |
| W25323 | 3/8/2024 | 4/12/2024 | Cinch Energy Services LLC | 3,193.38 | Direct Entry |
| W25324 | 3/11/2024 | 4/12/2024 | Cinch Energy Services LLC | 3,193.38 | Direct Entry |

Number of documents returned: 12
Total value of all returned documents is: 69,252.37

Totals may contain various currency types. Totals have not been converted to a single currency.